SCHROEDER, DIR. OF PUB. SERV., *v.* THE STATE, EX
REL. THOMAS.

SCHROEDER, DIR. OF PUB. SERV., *v.* THE STATE, EX
REL. EBRIGHT.

SCHROEDER, DIR. OF PUB. SERV., *v.* THE STATE, EX
REL GREER.

SCHROEDER, DIR. OF PUB. SERV., *v.* THE STATE, EX
REL. PERSHING.

SCHROEDER, DIR. OF PUB. SERV., *v.* THE STATE, EX
REL. NAUTS.

SCHROEDER, DIR. OF PUB. SERV., *v.* THE STATE, EX
REL. FAY.

(Decided January 2, 1929.)

*Mr. George W. Ritter,* director of law, and *Mr. Martin S. Dodd,* for plaintiff in error.

*Mr. W. S. Thurstin, Jr.,* for defendants in error.

LLOYD, J.   Each of the cases mentioned in the caption hereof involves the same question, and therefore the conclusion at which we have arrived is applicable to all.

Pursuant to the state Constitution, authorizing the same, the city of Toledo in 1914 adopted a charter for the conduct of its government, which, with certain amendments, is now in operation.

By Chapter 8 thereof a civil service commission is created which has charge and control of all examinations for positions in the competitive class of the classified service, this class including "all positions and employments for which it is practicable to determine the merit and fitness of applicants by competitive examination," excluding the noncompetitive class consisting of "all positions requiring peculiar and exceptional qualifications of a scientific, professional, educational or managerial character, as may be determined by the rules of the commission."

By Section 172 of Chapter 8 of this Charter the commission is required to adopt a code of rules which, among other requisites, shall provide:

"b. For open competitive examinations in the competitive class. * * *

"d. For the creation of eligible lists upon which shall be entered the names of successful candidates in the order of their standing in such examination or tests. * * *

"g. For temporary employment without examination, in the absence of an eligible list. But no such temporary employment shall continue after the establishment of a suitable eligible list. * * *

"m. For discharge or reduction in grade or compensation, only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction, specifically stated in writing, and has been given an opportunity to be heard in his own defense. The reason for such dis-

charge or reduction, and reply in writing thereto by such employee, shall be filed with the commission.''

As so required, the commission adopted rules and regulations, among which is No. 58, which provides:

''Appointments for temporary employment may be made without examination in the absence of an eligible list, with the consent of the commission, but no such temporary appointments shall continue after the establishment of a suitable eligible list.''

Rule 70 reads:

''No person in the classified service shall be discharged or reduced except for incompetency, inefficiency, misconduct, neglect of duty, immorality, excessive use of intoxicants, or for such cause as will promote the efficiency of the service, and only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction, specifically stated in writing, and has been given an opportunity to be heard in his own defense.''

Rule 71 provides:

''The reasons for such discharge or reduction, and reply in writing thereto by such employee, shall be filed with the commission and in case the offense charged is, in the opinion of the commission, cause for removal, and there was evidence tending to support such charge, the action of the removing officer shall be final.''

Prior to January 1, 1928, the relators had been in the employ of the city of Toledo, in one of the departments thereof over which the director of public service had control and supervision, in positions within the competitive class of the classified service. The plaintiff in error, William H. Schroeder, is now

and since the above date has been director of public service of the city of Toledo. Prior to the above-mentioned date the relators had been in the employ of the city in the positions then held by them for periods of time ranging from one and one-half to twelve years, their appointments having been made under subdivision (g) of Section 172 of the Charter and rule 58 of the commission, there not having been at any time an eligible list from which appointments to the several positions so held by them could be made.

On January 1, 1928, relators were notified in writing of their dismissal from "the city service," the notice to Mr. Thomas stating that "this dismissal is for the good of the service," and those to the other discharged defendants in error, so far as the bill of exceptions discloses, not giving any reason for their dismissal.

It is admitted that they were lawfully appointed to the several positions held by them, and the record clearly shows that the appointments so made were approved by the commission.

The bill of exceptions shows that counsel for plaintiff in error, William H. Schroeder, admitted at the hearing in the court of common pleas that the mere statement, "for the good of the service," was not sufficient ground for removal, within the meaning of the specifically enumerated causes contained in the charter and in the rules and regulations of the commission for discharge of employees in the classified service, if the relators were within the class of employees to which these provisions apply.

Upon the dismissal others were appointed by the city to fill these various positions, and no action of

any kind was taken by any of the relators until March 31, 1928, when each of them filed a petition in the court of common pleas against the plaintiff in error and others as defendants for a writ of mandamus to restore him to the position from which he had been thus summarily dismissed. Upon the hearing thereon the court of common pleas found that each of the relators had been unlawfully discharged, and ordered that he be restored to the position theretofore held by him. By these proceedings in error it is sought to reverse these judgments.

The only question presented for decision to this court is whether or not the court of common pleas is correct in holding that relators, having been appointed under subdivision (g) of Section 172 of the Charter and rule 58 of the commission to positions within the competitive class of the classified service, for which, by competitive examination, eligible lists should be established, from which appointments thereto might be made, were protected against arbitrary discharge before the creation of such eligible list.

Nothing is to be gained by comment upon the benefit and advantage to the public of an impartial and disinterested administration of the civil service laws. Every one sufficiently interested in public affairs to inform himself of their object and purpose knows what was intended to be accomplished thereby, and knows also to what extent they are enforced and observed. It may be said that it was not intended thereby, that, through failure of those charged with the duty of establishing eligible lists to perform that duty, employees appointed today might be summarily discharged tomorrow for no

better reason than that others than they were temporarily desired. Such a situation would induce a condition of subserviency to partisan exigencies not conducive to efficient service.

It was stated in argument, and the record discloses the fact so to be, that for many years it has been customary in Toledo to appoint employees without an eligible list, and, if deemed expedient, summarily to discharge them. In following this heretofore unchallenged custom, the motive of plaintiff in error is not in question, since it might perhaps be assumed that what had theretofore been done was rightly done and might properly be emulated. But customary violation of an express, lawful charter or statutory provision cannot make such violation lawful.

It would seem that the common sense construction to be given to subdivision (g) of Section 172 of the Charter, and to rule 58 of the commission, would be that employees appointed thereunder, unless lawfully removed for cause after due notice and hearing, as provided by the charter, are secure in their positions until such eligible list is established and their successors appointed therefrom.

This being our conclusion as to the construction that should be placed upon these provisions, it is clear to us that the judgments of the court of common pleas should be affirmed.

*Judgments affirmed.*

WILLIAMS and RICHARDS, JJ., concur.