In re Job Abolishment of Jenkins.

(No. 7328—Decided December 17, 1963.)

*Mr. John A. Brown,* for appellee William Jenkins.

*Mr. William B. Saxbe,* attorney general, *Mr. James E. Rattan* and *Mr. Robert Perry,* for appellant James W. Grant, Superintendent of the Juvenile Diagnostic Center.

Troop, J.   William Jenkins was employed in Classification 3004 IV by the Juvenile Diagnostic Center, a division of the Department of Mental Hygiene and Correction of the state of Ohio.   James W. Grant was appointed superintendent of the center in March of 1963, and shortly thereafter reorganized the staff and adjusted the curriculum of the school, in the course of which six staff positions at the center were abolished including that of Teacher IV, the position held by Jenkins, appellee herein.

A letter setting out a desire to appeal the abolishing of his position was addressed to the State Personnel Board of Review by Jenkins in which he asserted, "I feel the action taken toward me was punitive and discriminatory."   A formal notice of appeal was filed later on behalf of Jenkins by his counsel.

The board initially took the position that the law did not provide for an appeal from the abolishment of a position, but following the filing of a memorandum prepared by another attorney urging that Section 143.27, Revised Code, was statutory authority for a review by the board, the original position taken by the board was reversed, a hearing held, and a decision reached.   The essence of the board decision as communicated to Mr. Jenkins is as follows:

"After careful consideration of the evidence * * * The State Personnel Board of Review disaffirmed the abolishment * * *."

A notice of appeal from the decision of the Board of Review was filed by the Attorney General on behalf of James W. Grant, Superintendent of the Juvenile Diagnostic Center, state of Ohio, to the Court of Common Pleas of Franklin County. The Common Pleas Court found "that there was substantial, reliable and probative evidence to support the decision of the Board of Review," affirmed the order from which the appeal had been taken, and dismissed the appeal.

It is from the judgment of the Common Pleas Court that this appeal is taken on questions of law and, as the Attorney General put it in his brief, "under authority of Section 119.12, Revised Code." The notice of appeal is unusual at least. A part of the notice, containing the unusual, if not unique, feature, reads as follows:

"Now comes James W. Grant, Appellant, Superintendent of the Juvenile Diagnostic Center and the appointing authority in this matter, and gives notice of his appeal * * *."

An examination of a substantial number of cases involving appeals to the Court of Appeals from judgments of the Court of Common Pleas under Section 119.12, Revised Code, fails to reveal any in which there was an appeal by an appointing authority. A review of the appeal provisions of Section 119.12, Revised Code, is necessary. An appeal by an appointing authority to the Common Pleas Court raises a question of jurisdiction to entertain such an appeal, even though objection is not raised by the appellee. It is doubtful whether an appeal not authorized by statute will lie even if there is apparent agreement that the matter is appealable. The section upon which the Attorney General relies contains two references to appeals to the Common Pleas Court. The first one reads in part, as follows:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * *."

Then follows the recital of a group of specific denials, or orders, by agencies that are subject to appeals. They relate to examinations, licenses, etc.

A broader provision for appeal to the Common Pleas Court is set out farther along in the section, as follows:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin county * * *."

Provision for appeals to this court, by either the party or the agency, appears in the section also. Such appeals shall proceed as in civil actions as prescribed in Sections 2505.01 to 2505.45, inclusive, Revised Code, limiting the appeal of the agency to questions of law relating to the constitutionality, construction, or interpretation of statutes and rules and regulations of the agency.

If the head of a department, an appointing authority, has a right of appeal to the Common Pleas Court it must be within the range of these above-quoted provisions. They say any "party" may appeal. Section 119.01, Revised Code, provides pertinent definitions, as follows:

"(F) 'Person' means a person, firm, corporation, association, or partnership.

"(G) 'Party' means the persons whose interests are the subject of an adjudication by an agency.

"(H) 'Appeal' means the procedure by which a person aggrieved by a finding, decision, order, or adjudication of any agency, invokes the jurisdiction of a court."

It is difficult to envision an appointing officer, although he qualifies as a person, as a "party" whose interests are the subject of an adjudication. In a case such as this it would seem that it is the interests of the civil service employee and the state of Ohio which are at stake. It is equally difficult to regard the superintendent of the center as "adversely affected" by the decision of the Board of Review.

The appointing authority does have some right of appeal, definitely limited, however, under Section 143.27, Revised Code, which is the section providing tenure for the classified employee and prescribing standards of conduct as well as the procedures to be followed in case of the reduction in classification, suspension, or removal of the employee. There is contained in this section provision for appeal by the "appointing authority" in the language, as follows:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review or the commission to the Court of Common Pleas * * *."

It is noted that the appeals provided are limited to cases involving removal or reduction in pay *for disciplinary reasons.* Section 119.12, Revised Code, supplies the procedure.

Section 143.012 (B), Revised Code, also provides for appeal by an appointing authority. Here it is an appeal to the State Personnel Board of Review from a decision of the State Personnel Director. Again it is limited in application, relative to the classification or reclassification of positions. The pertinent part of the section is, as follows:

"(B) Hear appeals, as provided by law, of appointing authorities from final decisions of the director of state personnel relative to the classification or reclassification of any position or positions, * * *."

The last clause in the subparagraph is especially noteworthy since it closes the door on further appeal by the appointing officer. That clause says:

"* * * and its decision is final."

An "appointing authority" has specific statutory authority for certain appeals to the Board of Review, and certain appeals from the order of the Board of Review to the Common Pleas Court. Beyond that there is no definite statutory basis for such an appeal.

The record indicates that from the outset the Attorney General has resisted the claimed right of the Board of Review to hear an appeal from the order abolishing a classified job. He objected to the board holding such a hearing at the time of the hearing, and that same basic objection appears in his briefs filed with the Common Pleas Court and here. The jurisdiction of the board in appeal matters is set out in Section 143.012 (A), Revised Code, as follows:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to reduction in pay or position, layoff, suspension, discharge, assignment or reassignment to a new or different position classification: * * *"

And again, the last phrase in the subsection is "and its decision is final."

It appears that the Legislature desired to tie what we may call the old civil service statutes into the more recently enacted ones with which we have been dealing. This we conclude from the language in Section 143.011, Revised Code, as follows:

"* * * All functions, powers and duties which are by law devolved upon, vested in and imposed upon said State Civil Service Commission and said offices of commissioners and members and upon their employees, agents and representatives, thereupon shall be, and by virtue of the provisions of this act, thereupon will be, transferred to and devolved upon, vested in and imposed upon the Department of State Personnel, hereby created. * * *.

"Whenever in any law of this state, in effect at, or after the time the State Civil Service Commission * * * shall, * * *, be abolished, * * *, such terms shall be construed as referring to the Department of State Personnel, * * *, as the provisions of this act may require."

The older statutes provide for appeals from the decisions of appointing officers. Section 143.07 (F), Revised Code (Recodification Act of 1953), a part of the older Civil Service Law, read as follows:

"(F) Hear appeals from the decisions of appointing officers of persons in the classified service, who have been reduced in pay or position, laid off, suspended, discharged or discriminated against by such appointing authority."

Whether this section gives the Board of Review authority to hear an appeal in a claimed job abolishment situation is not clear, although the case of *State, ex rel. Click,* v. *Thormeyer, Acting Dir. of Highways* (1958), 105 Ohio App., 479, suggests such a possibility if the element of discrimination appears in the abolishment.

It is abundantly clear, however, that an appointing authority did not have an appeal to the Civil Service Commission in the areas enumerated in the section.

Incidentally, Section 143.01, Revised Code (Recodification Act of 1953), another part of the old Civil Service Law, is the only statute in which the Legislature chose to include a definition of an appointing authority; it was as follows:

"(D) 'Appointing authority' signifies the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution."

The older tenure section, being also Section 143.27, Revised Code (Recodification Act of 1953), provided for appeal to the commission by an employee in case of removal and provided also "the commission's decision is final." No right of appeal by the appointing authority is provided.

This survey of the statutes dealing with matters of appeal by classified employees reveals but very limited possibilities of appeal by administrative officers who constitute an "appointing authority." So limited, in fact, that it is necessary to conclude that James W. Grant, as Superintendent of the Juvenile Diagnostic Center had no right of appeal to the Common Pleas Court. The right of appeal must be predicated upon a statutory grant of authority. The Legislature specifically granted only limited appeal, and we must conclude that it did not intend to provide appeal possibilities beyond those definitely provided.

The judgment of the Court of Common Pleas is set aside and the cause remanded with a direction to dismiss the appeal of the superintendent and to return the cause to the State Board of Review.

*Judgment accordingly.*

DUFFY, P. J., and DUFFEY, J., concur.