THE STATE, EX REL. JONES, *v.* MASHETER, DIRECTOR OF HIGHWAYS, ET AL.

(No. 7509—Decided January 14, 1964.)

*Mr. Joseph D. Bryan*, for relator.

*Mr. William B. Saxbe*, attorney general, and *Mr. Robert J. Perry*, for respondents.

BRYANT, J. This is an action for writ of mandamus originating in this court. It is brought by John L. Jones, relator, and names as respondents, Pearl E. Masheter, Director of Highways, Wayne Ward, Director of State Personnel, Richard L. Krabach, Director of Finance, Roger W. Tracy, Auditor of State, and William B. Saxbe, Attorney General of Ohio.

On application heretofore made to a single judge of this court, an alternative writ of mandamus has been issued. The sole question before the court at this time arises upon a demurrer to the petition filed by respondents on the ground that the petition fails to state a cause of action.

Jones, who sues on his own behalf "and all others similarly situated," alleges that he has been employed by the Ohio Department of Highways since November 1, 1961; that he is a classified civil service employee; and that, on April 5, 1963. when he was laid off "for the reason of economy," his title was Right of Way Agent IV (Specialist) and his salary was $550 per month.

Jones alleges that the Director of Highways and certain other respondents seek to bring about his discharge for political reasons, namely, that he is a Democrat, and that his discharge or layoff on April 5, 1963, was illegal. The petition contains other allegations of alleged illegal steps claimed to have been taken in an effort to force his resignation.

The prayer of the petition not only seeks a writ of mandamus commanding the highway director and the state personnel director to "restore plaintiff-relator to his position" but also "commanding defendant-respondent Pearl E. Masheter to initiate and submit the necessary payrolls to defendants-respondents Wayne Ward and Richard L. Krabach to defendant-respondent Roger W. Tracy for necessary action thereon as Auditor of State, state of Ohio, * * *."

It is the claim of relator that he not only is entitled to be restored to his position, but he also alleges that there is due to him compensation for vacation time during the two years prior to the filing of the suit and, in addition, compensation for compensatory time worked on holidays for which he has not been paid.

In support of the demurrer filed on behalf of respondents, it is contended that the State Personnel Board of Review has authority to hear appeals such as this under the provisions of Section 143.012 of the Revised Code and that such appeal is an adequate remedy and, hence, the petition for writ of mandamus is insufficient. With this we cannot agree.

On page three of the petition of relator it is alleged that there is a concerted action on the part of the respondents "to remove and terminate the employment of thousands of civil service employees in the classified service of the state." On page six of the petition relator alleges in detail his claim for compensation for four days compensatory time, compensation for ten days vacation time and compensation for additional days vacation time for a part of a year, all of which it is alleged that director Masheter "has thus far failed and refused to pay or initiate payrolls authorizing payment in favor of plaintiff-relator" although "formal demand in writing" was made several months ago.

In considering and deciding a demurrer this court is of course required to assume the truth of all well-pleaded allegations, and it is clear that the petition in this case alleges a concert of action on behalf of the several respondents not only to separate him from his position in the classified civil service in a manner Jones claims is illegal, but also to deny him the vacation and holiday pay described in the petition.

In light of the foregoing and assuming without deciding

64

that Jones has the right of appeal referred to in the brief of respondents, we are of the opinion that such appeal does not constitute an adequate remedy in the ordinary course of law, from which it follows that the demurrer is not well taken and must be overruled, and it is so ordered.

*Demurrer overruled.*

DUFFY, P. J., and DUFFEY, J., concur.