THE STATE, EX REL. DAHMEN, APPELLEE, *v.* CITY OF
YOUNGSTOWN ET AL., APPELLEES. (2 cases)

[Cite as State, ex rel. Dahmen, v. Youngstown (1973),
40 Ohio App. 2d 166.]

(No. 73 C. of A. 13—Decided July 18, 1973.)

*Messrs. Green, Schiavoni, Murphy & Haines* and *Mr. Dennis Haines*, for John R. Dahmen.

*Mr. William J. Higgins*, director of law, and *Mr. James J. Corbett*, for appellees.

LYNCH, P. J.   Relator, the appellee herein, filed a mandamus action in the Court of Common Pleas, seeking reinstatement to the position of Director of Environmental Health and Assistant Health Commissioner, by respondents, the appellant.   The trial court denied the writ of mandamus, but made the following orders:

"1. The parties return this matter to the Youngstown Civil Service Commission for a hearing consistent with

the findings and orders set forth herein.

"2. The remaining lawsuits filed by Dr. Dahmen are hereby stayed pending determination by the Youngstown Civil Service Commission."

Dr. Dahmen was hired on March 25, 1943, by the city of Youngstown as assistant veterinarian. On May 16, 1943, he was appointed Chief Veterinarian. In 1966, the Youngstown Board of Health was reorganized, and Dr. Dahmen was appointed Director of Environmental Health, on November 1, 1966. In 1969, he was appointed City Chemist and Registrar of Statistics.

The Youngstown Board of Health again reorganized and combined the positions of Assistant Health Commissioner and Director of Environmental Health. On February 15, 1970, Dr. Dahmen was appointed Assistant Health Commissioner and Director of Environmental Health. Apparently his new position was referred to as the Assistant Health Commissioner.

On January 2, 1973, the Youngstown Board of Health, at a regularly scheduled meeting, abolished the position of Assistant Health Commissioner, which was formerly held by relator, Dr. John R. Dahmen. On the same day, the Youngstown Board of Health mailed a letter to Dr. Dahmen notifying him of its action.

Dr. Dahmen contends in his complaint that the Youngstown Board of Health wrongfully terminated his employment by deceitfully abolishing the position of Director of Environmental Health and Assistant Health Commissioner held by relator; that none of the duties performed by the relator have been eliminated; and that the action of respondents in terminating relator's employment is punitive, arbitrary, unlawful, unreasonable and politically motivated. During 1972, relator publicly criticized the administration of the City of Youngstown and the Board of Health for retaining as Health Commissioner an individual who was not a licensed physician, as required by the Youngstown Charter. Dr. Dahmen attributes his action concerning the Health Commissioner as one of the reasons for the termination of his employment.

Paragraphs 1 and 2 of the syllabus in *State, ex rel.*

*Stine,* v. *McCaw,* 137 Ohio St. 13, read as follows:

"1. The power to create a position in the civil service includes the power to abolish the position, particularly where the purpose of the abolishment of such position is that of economy or improvement in the public service.

"2. Where there is a substantial merger of two positions for the purpose of economy with no proof of ulterior motive or purpose on the part of the employing officer, or discrimination upon political, religious or other improper grounds, a writ of mandamus will not be granted to require reinstatement of an employee discharged as a result of such merger."

Section 40-5 of the Youngstown Charter grants the Youngstown Board of Health authority to abolish any office or position under its authority.

The evidence reveals that Dr. Greissinger is no longer Health Commissioner of the Youngstown Board of Health, and that the position of Health Commissioner is now vacant. Mayor Jack C. Hunter is now serving as Acting Health Commissioner even though there is a question as to his authority to act in that capacity. If any administrative problems arise in the Youngstown Health Department, they are channeled to William Richard Rochford, Administrative Assistant to the Health Commissioner, who presents them to the Mayor, who makes the decisions regarding the problems in the Health Department. Mr. Rochford has been employed since April, 1972, mostly as a bookkeeper who takes care of the budget of the Youngstown Health Department and the accounts payable and accounts receivable. He denied that he is performing any of the duties formerly performed by Dr. Dahmen.

The evidence reveals that some of the duties formerly performed by Dr. Dahmen are not being performed at all, and that other duties are being performed or attempted to be performed by other employees of the Youngstown Health Department.

The evidence does not reveal the reason that the Youngstown Board of Health abolished this position. Apparently, the trial court only heard enough evidence to decide respondents' motion to dismiss on the basis that

relator failed to allege and establish a clear legal duty of the respondents that had been violated.

Mr. E. R. Mellon, a member of the Youngstown Board of Health, who opposed the abolishment of the position of Assistant Health Director, testified that in his opinion, under present conditions, the Youngstown Department of Health is not operating as it should operate or as it could operate.

However, the authority to make the decisions as to the operation of the Youngstown Department of Health is given to the Youngstown Board of Health by Section 40 of the Youngstown Charter. It is well settled that the lawful discretion of the Youngstown Board of Health cannot be controlled or limited by the writ of mandamus. 35 Ohio Jurisprudence 2d 267, Mandamus, Section 23.

On January 12, 1973, Dr. Dahmen filed another action, C. P. No. 73 CI 58, which was an appeal from the January 2, 1973, order of the Youngstown Board of Health that terminated his employment pursuant to R. C. Chapter 2506, and which is still pending. The appellees are the same as the respondents in this mandamus action. The city of Youngstown and the Youngstown Board of Health contend in their answer that the appeal in C. P. No. 73 CI 58 should be dismissed because the action of the Youngstown Board of Health at issue was a legislative act and, therefore, not appealable.

Paragraphs 1 and 2 of the syllabus in *M. J. Kelley Co.* v. *Cleveland,* 32 Ohio St. 2d 150, state:

"1. The review of proceedings of administrative officers and agencies, authorized by Section 4 (B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R. C. 2506.01. (*Fortner* v. *Thomas,* 22 Ohio St. 2d 13, approved and followed.)

"2. Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement

for notice, hearing and the opportunity for introduction of evidence."

We feel that the action taken by the Youngstown Board of Health was in the nature of an executive proceeding. See *Durbin* v. *Schneider*, 120 Ohio App. 366.

The fourth paragraph of the syllabus of *State, ex rel. Jones, v. Preston*, 117 Ohio App. 295, is as follows:

"Where an employee in the classified service of the state is notified that 'due to lack of work, you are being temporarily laid off,' but, in fact, the effect of such action is to permanently remove him from his position and either abolish it or consolidate it with that of another employee, such 'removed' employee must be given written notice that he is being removed from his position; and, in the absence thereof, such employee is entitled to a writ of mandamus setting aside such attempted 'removal' and ordering him restored to his former position."

The facts of the *Jones* case can be distinguished from those of the instant case. In the *Jones* case, Jones was never notified that his position was abolished, but he was notified by the Director of Highways that "due to lack of work, you are temporarily laid off." In the instant case, the Youngstown Board of Health at a regularly scheduled meeting abolished Dr. Dahmen's position and notified him in writing of its action.

Since the action of the Youngstown Board of Health was the elimination of the position by abolishing the position of Dr. Dahmen, pursuant to its power granted by the Youngstown Charter rather than a removal of Dr. Dahmen from his position, we hold that Dr. Dahmen was not entitled to notice, a hearing and the opportunity for the introduction of evidence at the January 2, 1973, meeting of the Youngstown Board of Health, when his position was abolished. We conclude that the action of the Youngstown Board of Health was not quasi-judicial, and that respondents' motion to dismiss the appeal of such action, pursuant to R. C. Chapter 2506, is well taken.

After Dr. Dahmen received the letter dated January 2, 1972, from the Youngstown Board of Health, Dr. Dahmen

contacted attorney Schiavoni. Dr. Dahmen wrote a letter dated January 8, 1973, to the Youngstown Civil Service Commission in which he requested a hearing on the appeal of his discharge.

The Youngstown Civil Service Commission had a hearing at which Dr Dahmen appeared with Mr Schiavoni and, by letter dated February 14, 1973, notified Dr. Dahmen of their unanimous decision that since Dr Dahmen had been carried as an unclassified employee on civil service records, the Youngstown Civil Service Commission did not have jurisdiction to rule on his appeal. Dr. Dahmen filed this mandamus action on March 9, 1973.

On March 14, 1973, Dr. Dahmen filed a third action, C. P. No. 73 CI 352, pursuant to R. C. 143.27, which was an appeal from the February 14, 1973, decision of the Youngstown Civil Service Commission. The defendants in C. P. No. 73 CI 352 are the two respondents in this mandamus action and the Youngstown Civil Service Commission. The defendants moved to dismiss the action in C. P. No. 73 CI 352 for the failure of Dr. Dahmen to timely file an appeal from the decision of a Municipal Civil Service Commission, as provided by R. C. Chapters 2506, 2505 or 119. This was the only appeal of the decision of the Youngstown Civil Service Commission that Dr. Dahmen filed.

Dr. Dahmen's appeal in C. P. No. 73 CI 352 was not timely filed, if R. C. 119.12 is applicable.

The time for perfecting an appeal pursuant to R. C. Chapter 2506 is determined by R. C. 2505.07, and is ten days after the entry of the decision of the board or officer from which the appeal is taken. *In re Locke*, 33 Ohio App. 2d 177; *Lakewood Homes* v. *Bd. of Adjustment*, 25 Ohio App. 2d 125. We conclude that Dr. Dahmen's appeal in C. P. No. 73 CI 352 was not timely filed, and that defendants' motion to dismiss is well taken.

R. C. 2731.05 provides as follows:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

Also, see 35 Ohio Jurisprudence 2d 272, Mandamus, Section 26.

Mandamus is the proper remedy of one who has been illegally removed from the classified service, as where he had been removed under the guise of abolishing his position but in fact such abolishment was a mere pretext for displacing him and putting in his place another who, under a different title, is to perform substantially the same duties. *State, ex rel. Miller,* v. *Witter,* 114 Ohio St. 122; *State, ex rel. Click,* v. *Thormyer,* 105 Ohio App. 479; 9 Ohio Jurisprudence 2d 456, Civil Service, Section 122.

The eighth paragraph of the syllabus of *State, ex Hubbard,* v. *Hilty,* 31 Ohio Law Abs. 538, reads as follows:

"The test of subterfuge in abolishment of a position is: if another is employed to perform substantially identical service, either under the same or a different title, the purported abolishment is a subterfuge; if another is not so employed, the position has been legally abolished and it is not a subterfuge."

In *Durbin* v. *Schneider,* 120 Ohio App. 366, the Franklin County Court of Appeals stated as follows, at pages 367-368:

"There are * * * various ways in which unemployment may result in a civil service position. It is elementary in civil service law to distinguish between the removal of an employee from the position, and the abolishment of the position itself which results in the loss of employment for the person holding that position. * * *

"* * * [A]bolishment traditionally has been considered an executive function and not a personnel question. * * * No administrative appeal or review in the Department of Personnel was provided under the Ohio civil service laws previous to 1959. An employee's appeal rights and the powers of the board are now found in Section 143.012, Revised Code. We find no change in that respect. Appeal is limited there to the named grounds. Abolishment is not a 'layoff' or a 'suspension.' It is not a 'discharge.' In civil service law a discharge refers to the removal of an employee from his position and not to the elimination of the position itself.

"Where the power of abolishment is used to invade civil service rights and evade the civil service law, there

is a judicial remedy in mandamus. * * * In a proper case the court may order the position restored. The employee's right to hold that position follows from and depends upon his status under civil service laws. * * *''

In *In re Job Abolishment of Jenkins*, 120 Ohio App. 385, which was also decided by the Franklin County Court of Appeals, is not in point on the legal question involved, but the fact situation was that the state Personnel Board of Review heard and decided an appeal from a state employee whose position was abolished over the objection of the Attorney General.

In *State, ex rel. Jones, v. Masheter*, 120 Ohio App. 61, also decided by the Franklin County Court of Appeals, the Court held that a petition for mandamus which alleges that a relator was a classified employee in the state civil service and had been removed from his position in an illegal manner and requests a restoration to his position is good against a demurrer and that an appeal to the state Personnel Board of Review under R. C. 143.012, which might be available to a relator, does not constitute an adequate remedy in the ordinary course of law.

It has been held that a person who has never taken a civil service examination, either competitive or noncompetitive, has no standing as a civil service employee and is not entitled to the benefits and protection of the civil service law, and that a relator does not establish a clear legal right to a writ of mandamus restoring him to his position in the civil service, where he has failed to show a compliance with the laws governing his appointment. *State, ex rel. Baker, v. Wichert*, 159 Ohio St. 50; *State, ex rel. Lynch, v. Taylor,* 136 Ohio St. 417.

Dr. Dahmen contends that he was in the classified service of the city of Youngstown because when he was hired, Dr. Robert Mossman, the Health Commissioner, told him that no examination was given to a professional man; that he would be on probation for ninety days; and that at the completion of ninety days service he would be in the classified service of the city of Youngstown. Dr. Mossman is now dead. Dr. Dahmen admits that he never took a civil service examination for any job that he has

held with the city of Youngstown Department of Health and has never received any notice of any classification by the Youngstown Civil Service Commission. No one ever suggested that he take a Civil Service examination.

Dr. Dahmen feels that he was under civil service as Chief Veterinarian but had never been covered by civil service for the positions of Assistant Health Commissioner and City Chemist. He sent a letter to the Youngstown Civil Service Commission requesting that he be put on civil service in his position as Assistant Health Commissioner, but received no reply. He never took a civil service examination for either the position of Assistant Health Commissioner or Director of Environmental Health.

Under Section 52 B of the Youngstown Charter all the positions held by Dr. Dahmen during his employment with the Youngstown Board of Health were in the classified service, including his last position as Assistant Health Commissioner and Director of Environmental Health. Dr Dahmen did not take any civil service examination for his last position, but he requested of the Youngstown Civil Service Commission that he be put on civil service.

We hold that when an appointment is made to a position in the classified service of a municipality without a noncompetitive examination, and there is no eligible list, pursuant to R. C. 143.19, available for such position, the failure of the Civil Service Commission of such municipality to provide an examination within a reasonable time for such appointee, after a written request for such an examination has been made, shall result in such appointee acquiring the status of a provisional employee under R. C. 143.23.

The evidence does not reveal the time lapse between relator's letter to the Youngstown Civil Service Commission and the date that the Youngstown Board of Health abolished relator's position, but our impression is that a reasonable time elapsed during which the Youngstown Civil Service Commission could have fulfilled relator's request for a civil service examination. If such a situation actually occurred, we are inclined to feel that Dr. Dahmen was a provisional employee in a classified position at the time

his position was abolished by the Youngstown Board of Health.

If he was a provisional employee, he had the right to hold his position under civil service protection until displaced by a regular appointee certified from an eligible list, or removed for cause, pursuant to statute, or the abolishment of his position. *State, ex rel. Higgins*, v. *George,* 147 Ohio St. 165; *State, ex rel. Conway*, v. *Taylor*, 136 Ohio St. 174; *Schroeder* v. *State, ex rel. Thomas*, 32 Ohio App. 105, appeal dismissed 120 Ohio St. 618; 9 Ohio Jurisprudence 2d 410, 411, Civil Service, Section 85.

We will now discuss the question of whether relator's failure to appeal the decision of the Youngstown Civil Service Commission is res judicata, as to relator's status as a civil service employee. We feel that the finding of the Youngstown Civil Service Commission that Dr. Dahmen had been carried as an unclassified employee is a determination that Dr. Dahmen is not in the permanent classified civil service of Youngstown. We further feel that such determination of the Youngstown Civil Service Commission cannot be attacked in this mandamus action inasmuch as the Youngtown Civil Service Commission is not a party herein.

However, it is not clear that the Youngstown Civil Service Commission decided the question as to whether Dr. Dahmen was a provisional employee in the classified service and particularly what his status was in view of the fact that he was appointed to a position in the classified service and requested to be placed in the classified service.

The Ohio Supreme Court has held that a decision of a municipal civil service commission can be appealed pursuant to R. C. 2506.01. *State, ex rel. Fagain*, v. *Stork*, 174 Ohio St. 330; *State, ex rel. Steyer*, v. *Szabo*, 174 Ohio St. 109.

We feel that Dr. Dahmen could have appealed the decision of the Youngstown Civil Service Commission pursuant to R. C. 2506.01, but R. C. 143.012, 143.27 and 119.-12 do not specifically cover such an appeal.

However, an appeal of the order of the Youngstown

Civil Service Commission would not give relator the relief from the termination of his employment by the action of the Youngstown Board of Health which is his main concern even though his status in the Youngstown Civil Service is an important consideration in any judicial determination of the rights, if any, of Dr. Dahmen, with respect to the abolishment of his position. See *State, ex rel. Jones,* v. *Masheter,* 120 Ohio App. 61.

Under the circumstances of this case, we hold that the failure of Dr. Dahmen to appeal the decision of the Youngstown Civil Service Commission was not res judicata on the question of whether he was a provisional employee in the classified civil service of Youngstown and, therefore, did not affect his status in this case as such provisional employee in the classified service, provided that he qualified as such pursuant to this opinion. We hold that the trial court erred in finding that Dr. Dahmen had an adequate remedy at law.

Upon a review of the evidence, we find that there is insufficient evidence to establish that the Youngstown Board of Health acted illegally by abolishing Dr. Dahmen's position as a mere pretext for displacing him and putting in his place another, who under a different title, is to perform substantially the same duties.

However, the record does not reveal the reason why Dr. Dahmen's position was abolished. We do not agree with respondent's contention that the Youngstown Board of Health does not have to give any reason for abolishing his position. The abolishing of this position terminated Dr. Dahmen's employment and affected his livelihood. If the Youngstown Board of Health has a reasonable purpose for such action, its decision cannot be disturbed by either the trial court or this court. However, if such action was arbitrary or unreasonable, it would be subject to judicial scrutiny. We feel that the state of the evidence in this case is such that the members of the Youngstown Board of Health should state their reason for abolishing this position.

The Youngstown Civil Service Commission was not a

party in this case. 31 Ohio Jurisprudence 2d 719, 720, Judgments, Section 260, states as follows:

"It is a fundamental principle of all rational systems of jurisprudence that one having no notice, either actual or constructive, of a judicial proceeding, shall not be concluded by it. It has accordingly been declared to be elementary that in order that a judgment may be conclusive against a person, he, or one with whom he is in privity, must have had notice and an opportunity to be heard, because the opportunity to be heard is an essential requisite of due process of law in judicial proceedings. * * *"

See also Civil Rules 19 (A) and 20 (A).

We hold the trial court was in error in making the following two orders:

"1. The parties return this matter to the Youngstown Civil Service Commission for a hearing consistent with the findings and orders set forth herein.

"2. The remaining lawsuits filed by Dr. Dahmen are hereby stayed pending determination by the Youngstown Civil Service Commission."

Judgment reversed as to all three orders of the trial court. This case is remanded for further proceedings in accordance with this opinion.

*Judgment reversed.*

Donofrio and O'Neill, JJ., concur.