PINNACLE WOODS SURVIVAL GAME, INC., APPELLEE, *v.* HAMBDEN TOWNSHIP ZONING INSPECTOR, APPELLANT.

(No. 1260 — Decided July 28, 1986.)

*William C. Hofstetter,* for appellee.

*Kent W. Penhallurick,* for appellant.

DAHLING, P.J. This is an appeal from the Court of Common Pleas of Geauga County. Appellee, Pinnacle Woods Survival Game, Inc., filed an application with the Hambden Township Zoning Inspector seeking a zoning certificate to conduct the playing of "The Survival Game" on a one-hundred-forty-four-acre commercial parcel of real estate in Hambden Township. The appellee sought a permit upon the "general commercial permitted uses" which appear in the Hambden Township Zoning Resolutions. The appellee sought a zoning certificate as a permitted use alleging that the "survival game" was a place of entertainment.

A zoning certificate was denied by the zoning inspector. The appellee appealed to the Hambden Township Board of Zoning Appeals on March 16, 1985. At the board of zoning appeals hearing held on April 25, 1985, the appellee offered evidence and testimony that its use of the property was as a "place of entertainment." Residents of the surrounding neighborhood testified as to offensive noise and other objectional influences as a result of the survival games.

Testimony was presented that every weekend there is offensive noise from war whoops, foul language, whistles, horns and firing of pistols which sound like small firecrackers.

There was also testimony that some players of the "survival games" trespassed on other properties in order to keep from getting shot or because they were lost. Some of the players came onto the neighbors' property dressed in camouflage fatigues, wearing hooded masks and carrying pistols. There was also some testimony that there was litter in the form of beer cans, $CO_2$ cartridges and paint pellets on neighbors' properties.

At the conclusion of the hearing, the board of zoning appeals affirmed the decision of the zoning inspector by a vote of five to zero.

The appellee filed an appeal to the Geauga County Court of Common Pleas pursuant to R.C. Chapter 2506. Judge Veit reversed the decision of the board of zoning appeals finding it to be illegal and unreasonable.

Appellant timely appealed the judgment of the common pleas court and filed the following assignment of error:

"I. The court erred in reversing the decision of the Hambden Township Board of Zoning Appeals.

"Issue 1: The appellee's proposed use of land for 'survival games' is not a 'place of entertainment' as that term is used in the Hambden Township Zoning Resolution.

"Issue 2: The appellee's 'survival games' create offensive noise and other objectionable influences."

This assignment of error is without merit.

Article 200 of the Hambden Township Zoning Resolutions provides at page 7 that "places of entertainment are included in general commercial permitted uses."

In interpreting words of a statute or regulation, the words used in the statute or regulation will be given the meaning commonly attributed to them, unless the contrary intention appears in the statute or regulation. *Duncan* v. *Clairdon Twp. Zoning Inspector* (Dec. 31, 1981), Geauga App. No. 972, unreported.

In the case *sub judice,* the common pleas court had jurisdiction of this appeal. The time for perfecting an appeal pursuant to R.C. Chapter 2506 is controlled by R.C. 2505.07 and is ten days after entry of the decision of the board or officer from which the appeal is taken. *State, ex rel. Dahmen,* v. *Youngstown* (1973), 40 Ohio App. 2d 166, 69 O.O. 2d 171, 318 N.E. 2d 433.

Statutes or ordinances which impose restrictions upon the use of private property will be strictly construed and their scope cannot be extended to include limitations not therein clearly proscribed. *State, ex rel. Spiccia,* v. *Abate* (1965), 2 Ohio St. 2d 129, 31 O.O. 2d 228, 207 N.E. 2d 234.

An examination of the record indicates that the use of the land for survival games is a place of entertainment. Appellee testified that refreshments and supplies relative to the playing of the game, such as paint balls, were sold on the premises at retail. The fee of $13.75 included rental of the basic equipment.

R.C. 519.14 states in part:

"The township board of zoning appeals may:

"(A) Hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of sections 519.02 to 519.25 of the Revised Code, or of any resolution adopted pursuant thereto."

Section 201 of the Hambden Township Zoning Resolutions provides at page 6:

"Buildings and land shall be used, and buildings shall be designed, erected, altered, moved or maintained in whole or in part in all districts only for the uses set forth in the following schedules and regulations of this Resolution and only those uses as prescribed in each section shall be permitted in the respective district provided such uses do not emit or create any danger to health and safety in the surrounding area, and do not create any offensive noise, air pollutants or other objectionable influences."

In *SCA Services of Ohio, Inc.* v. *Ream* (Nov. 10, 1981), Stark App. No. 5553, unreported, at 6, the court stated: "[T]he objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of the permit."

In conclusion, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

FORD and COOK, JJ., concur.