JOURNAL ENTRY AND OPINION
Plaintiff Saks Goldberg Companies appeal from the judgment of the trial court which affirmed the North Royalton Planning Commission's ("Planning Commission" or "city") denial of plaintiff's request for extension of a preliminary plat approval for Pine Hill subdivision. For the reasons set forth below, we reverse and remand the matter to the trial court for further proceedings in accordance with this opinion.
Plaintiff is the developer of both the Pinestream and Pine Hill subdivisions proposed in North Royalton. On November 1, 1995, plaintiff received preliminary plat approval for the Pine Hill subdivision. This approval remained in effect for one year. See Section 1244.07 of the North Royalton Planning and Zoning Code. Pursuant to subsection (f) of this provision, however, the Planning Commission may grant a six month extension of time, as it deems necessary, "upon showing in writing of undue hardship or practical difficulty on the part of the owner of the subdivision."
On October 17, 1996, or while the preliminary plat approval remained in effect, plaintiff requested an extension of time. On November 5, 1996, or four days after expiration of the preliminary plat approval, the Planning Commission held a hearing on the matter. The facts as adduced at the hearing indicate that in 1994, the Planning Commission gave Sketch Plan approval of both proposed subdivisions. In 1995, the Planning Commission gave preliminary plat approval of Pinestream. It is undisputed that the preliminary plat for Pinestream included sewage systems designed to discharge into the Medina County Sewage System. The city subsequently notified plaintiff that the sewage lines had to discharge into the city's sewer systems. This in turn required the Pinestream and Pine Hill systems to be redesigned. As redesigned, the Pine Hill system pumps into the Pinestream system. The Pinestream system in turn must pass through an elevated line across the Ohio Turnpike.
The record further suggests that there was a delay in obtaining approval of the line from the Turnpike Commission and at the time of the hearing before the Planning Commission plaintiff was preparing to install piping at that location. It is undisputed that no construction was undertaken at the Pine Hill site. plaintiff maintained, however, that the only construction which could have been undertaken in the absence of completion of sewer lines is the clearing of land, and according to the city engineer, this was not advisable.
It is also undisputed that after both subdivisions received Sketch Plan approval, the zoning for the sites was changed to rural residential.
The Planning Commission denied the request for an extension of the preliminary plat, noting that the preliminary plat approval had terminated on November 1, 1996, construction at the Pine Hill property had not begun, and plaintiff's explanation for failure to commence construction at the site did not, according to the Planning Commission, constitute undue hardship.
On December 4, 1996, plaintiff filed this appeal to the court of common pleas pursuant to R.C. Chapter 2506.
On June 2, 1998, the trial court affirmed the decision of the Planning Commission, noting that plaintiff failed to demonstrate that at the time of the hearing its preliminary plat approval "was tolled and did not in fact expire." Plaintiff appeals herein and assigns a single error for our review.
Plaintiff's assignment of error states:
 THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE PLANNING COMMISSION BECAUSE THE PLANNING COMMISSION ERRED IN DENYING APPELLANT'S REQUEST FOR AN EXTENSION OF TIME.
Within this assignment of error, Saks complains that in denying its request for an extension of the preliminary plat approval, the city applied an illogical interpretation of Section 1244.06, (f). Saks asserts that the city required evidence of construction at the site before determining whether to grant an extension, but the commencement of construction in fact permanently solidifies or vests the approval, rendering an extension unnecessary. Moreover, according to plaintiff, even if commencement of construction is required in this instance, since the matter was not heard until after expiration of the preliminary approval, Section 1244.06 (f) must be interpreted to include off site construction which is directly related to the development, and its commencement of the lines crossing the Ohio Turnpike constitutes such construction. Saks maintains that a fair reading of the language in 1244.06 (f) pertaining to extensions merely requires the developer to present written evidence of undue hardship or practical difficulty. Finally, Saks asserts that the Planning Commission acted unreasonably when it determined that since the approval period had expired as of the date of the hearing, the extension could not be granted.
In opposition, the city asserts that because the preliminary approval granted to plaintiff had expired as of the date of the hearing, the Planning Commission properly first considered whether the preliminary approval was extended before addressing the issue of whether an extension could be granted. Thus, according to the city, because the original approval expired in this instance prior to the hearing, an extension could not be granted. In any event, the city asserts that plaintiff was required to demonstrate to the satisfaction to the Planning Commission the undue hardship and practical difficulties it has had to date, and not in the future, and plaintiff's material were directed to future difficulties.
In an administrative appeal to the common pleas court pursuant to R.C. Chapter 2506, the court of common pleas may reverse the administrative board if it finds that the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. R.C. 2506.04.
An appeal to the court of appeals is more limited in scope. The standard for our review of the court's determination is defined in R.C. 2506.04, which states that "[t]he judgment of the court [reviewing zoning board decisions] may be appealed on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code." In construing this section, the Supreme Court has stated that an appellate court's inquiry is limited to questions of law, and the weighing of evidence is not proper on appeal. SeeDudkovich v. Housing Authority (1979), 58 Ohio St.2d 202, 206.
In undertaking our review, we note that the duration of preliminary plat approval is governed by Section 1244.06 (f) of the Codified Ordinances of the City of North Royalton which provides in relevant part as follows:
 Approval Period. Conditional approval of any preliminary plat or any part thereof shall expire and become ineffective for all purposes one year after the date of Planning Commission approval unless: the plans and specifications and details required in Chapter 1248 of these Regulations for the improvements required have been submitted to and approved by the Engineer and Building Commissioner; the necessary easements for such improvements have been granted to and accepted by the Municipality in accordance with these Regulations, and such improvements have been placed under contract and actually commenced; and the final plat for record submitted. The Planning Commission may, however, grant and extension of such time as it deems necessary, not to exceed six months, upon a showing in writing of undue hardship or practical difficulty on the part of the owner or subdivider. (Ord. 1970-232. Passed 9-15-71.)
In determining whether the Planning Commission properly refused to extend the preliminary approval of Pine Hill in connection with its observation that the original approval had expired as of the date of the hearing, we note that Section 1244.06 (f) does not contain any time limits within which the extension is to be requested. We further note that zoning regulations are in derogation of the common law and must therefore be construed in favor of the landowner; the provisions of theses ordinances must be strictly construed and cannot be interpreted to include limitations not clearly prescribed. See, e.g., Sanders v. Clark
(1981), 66 Ohio St.2d 259, 261; Pinnacle Woods Survival Game,Inc. v. Hambden Twp. Zoning Inspector (1986), 33 Ohio App.3d 139,140.
Further, in undertaking the hearing in this matter, it is axiomatic that the Planning Commission had a duty to schedule such hearing at a meaningful time. Armstrong v. Manzo (1965),380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66.
In this instance, the Planning Commission received the request for an extension of the preliminary plat on October 17, 1996, or approximately two weeks before the expiration of the preliminary approval. The Planning Commission scheduled the matter for hearing on November 5, 1996, or four days after the preliminary plat approval expired, then relied upon the fact that the preliminary approval had expired as of the date of the hearing as a basis for the denial of the extension.[1] From the foregoing, and in light of the fact that the ordinance contains no deadline within which to request an extension, we find the actions of the Planning Commission to be unreasonable as a matter of law. Therefore, the judgment of the trial court which affirmed the decision of the Planning Commission based upon its determination that the preliminary approval had expired as of the date of the hearing, is likewise erroneous as a matter of law. We therefore reverse and remand this matter to the trial court for a determination of whether the decision of the Planning Commission is supported by a preponderance of reliable, probative and substantial evidence in accordance with R.C. 2506.04.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SWEENEY, J., CONCURS.
 CORRIGAN, J., DISSENTS ATTACHED DISSENTING OPINION)
 _________________________________ ANN DYKE PRESIDING JUDGE
[1] "In so concluding, we hasten to add that we decide this matter on the basis of the facts before us and render no opinion regarding those situations wherein the developer seeks an extension at the latest possible time and it is not possible to schedule a hearing on the matter prior to the expiration of the preliminary approval. That is, no mechanical, inflexible standard can be applied to determine whether a given set of procedures complies with minimum standards of due process. State v.Hochhausler (1996), 76 Ohio St.3d 455, 459. Rather, the Due Process clause requires a standard that is adaptable to the particulars of each case, in light of the overall goal of procedural due process — a meaningful opportunity to be heard.