OPINION
This appeal emanates from the Lake County Court of Common Pleas. Appellants, Allen and Judith Jenisek, appeal the trial court's judgment entry, which determined that appellee, the Board of Zoning Appeals ("the Board"), properly denied their application for a variance.
Initially, appellants filed an application with appellee, the city of Mentor-on-the-Lake ("the city"), to construct an addition onto their property. The city denied this application because it did not meet the requirements of the city's zoning ordinances. Appellants proceeded to file an application with the Board. A hearing was held before the Board on February 27, 1995, and the variance requested by appellants was denied. As a result of that decision, on March 13, 1995, appellants filed an administrative appeal with the court of common pleas, pursuant to Chapter 2506 of the Revised Code. Subsequently, on April 4, 1997, an evidentiary hearing was conducted before a magistrate. The magistrate affirmed the decision of the Board on January 13, 1999. Appellant then filed objections to the decision on March 29, 1999, after being granted two extensions by the trial court. The trial court overruled appellant's objections, adopted the magistrate's findings of fact and conclusions of law, and affirmed the Board's decision in a judgment entry dated May 21, 1999.
The parties stipulated to the following facts. Appellants owned a parcel of land located at 7833 Munson Road, where they operated a lawn and garden center. The property was bound by two dedicated roads, Munson Road and Plains Road, and was zoned for business. Customers entered the front and side of the building from Munson Road. Appellant alleged that their business included a John Deere dealership and that their continued relationship with John Deere required additional space for a showroom and warehouse.
As a result, appellants filed a zoning permit application to construct a rear addition to their existing structure. Their application was denied based on the city's interpretation that "since the property fronts on two streets, that the front yard set backs must be met for both Munson and Plains Road."[1]
Appellant then timely filed an appeal to the Board with an alternative request for a yard variance beyond the twenty percent allowed by the local ordinances, which was also denied.
Additional facts that were also established at the hearing were as follows: (1) the portion of the existing building facing Plains Road was used for service, repairs, and deliveries; (2) the city allowed appellant to erect a stockade fence along Plains Road to within ten feet of the right-of way; (3) Plains Road dead ends to the west of appellants' property and is no longer a through, dedicated street; (4) no main buildings facing Plains Road encroach within forty-eight feet of the Plains Road right-of-way, except for an abandoned brick garage incinerator on the McDonald's parcel of land, which encroaches within eighteen feet; (7) traffic on Plains Road to the west of appellants' property is limited to occasional patronage of the adjoining parcels; (8) appellants designed the rear addition to minimize traffic flow and alterations to the existing structure; (9) appellants current business does not conform to the code's parking space requirements, and thus, the alternative suggested by the city does not alleviate the problem; (10) if the addition was constructed, it would be built over a sanitary sewer or water right-of-way and would impede sight lines for any patrons exiting the property to the west of appellants'; and (11) the city's ordinances do not define rear yard lines and do not make a provision for a minimum rear yard set back when a business property abuts property not residential in character.
Based on the foregoing findings of facts, the magistrate concluded that under the ordinances, a parcel of land bound at opposite ends by a dedicated right-of-way must adhere to the front yard set back requirements for each end. Since the parcels at issue have front yards on both Munson and Plains Road, the Board did not err in applying this standard to these parcels. Further, since the parcels of land "abut a right-of-way, Plains Road, rather than either other residential or business parcels, the rear yard regulations do not apply." The magistrate determined that the Board's decision in interpreting the city's ordinances in requiring appellants to adhere to the front yard set back requirements was correct. The trial court subsequently adopted this decision in a judgment entry dated May 21, 1999. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court erred to the prejudice of [a]ppellants in determining that pursuant to Section 1258.05 of the Mentor-on-the-Lake Zoning Code[,] a parcel of land bound at opposite ends by a dedicated right-of-way must adhere to the front yard setback requirements for each end.
 "[2.] The trial court erred to the prejudice of [a]ppellants in determining that the Board of Zoning Appeals properly denied [a]ppellants' application for a variance."
 In their first assignment of error, appellants contend that the trial court erred in determining that pursuant to § 1258.05 of the city's zoning code, a parcel of land bound at opposite ends by a dedicated right-of-way must adhere to the front yard set back requirements for each end.
Initially, we note that in an administrative appeal, the court of common pleas functions primarily as an appellate court in reviewing administrative proceedings. Further, there is a presumption that a board's determination is valid, and the burden of showing any invalidity rests on the contesting party. C.Miller Chevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus.
Specifically, R.C. 2506.04 governs administrative appeals from local boards and allows an aggrieved party to appeal such an administrative agency's decision to the common pleas court. R.C.2506.04 provides that:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. * * *"
 Thus, the court of common pleas' standard of review in this type of an administrative appeal is whether the decision of the administrative agency is supported by a preponderance of reliable, probative, and substantial evidence in the record. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34; Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207.
An appeal to this court is more limited in scope. As an appellate court, our review is restricted to determining whether, as a matter of law, the decision of the trial court is supported "by a preponderance of reliable, probative and substantial evidence." Rydbom v. Palmyra Twp. Bd. of Zoning Appeals (June 25, 1998), Portage App. No. 97-P-0086, unreported, at 1, 1998 WL 556323.
In the case sub judice, the parties stipulated that appellants' property is located between two streets, Munson Road and Plains Road. Appellants claim that they do not have to adhere to the front yard set back requirements for Plains Road because their front yard is on Munson Road and their rear yard is on Plains Road. Thus, they can construct their rear addition next to the road right-of-way as the city does not have any rear yard set back requirements for commercial property.
However, as the trial court determined, under the ordinances, a parcel of land bound at opposite ends by a dedicated right-of-way must adhere to the front yard set back requirements for each end. The parcels at issue have front yards on both Munson and Plains Road; hence, the Board did not err in applying this standard to these parcels. Further, the trial court stated that the rear yard regulations do not apply since the parcels directly abut a right-of-way, Plains Road.
This court has previously held that when interpreting a regulation or statute, "words * * * will be given the meaning commonly attributed to them, unless the contrary intention appears in the statute or regulation." Pinnacle Woods Survival Game, Inc.v. Hambden Twp. Zoning Inspector (1986), 33 Ohio App.3d 139,140.
The Supreme Court of Ohio further explained in Provident Bankv. Wood (1973), 36 Ohio St.2d 101, 105-106:
 "It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. * * * If that inquiry reveals the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly." (Citations omitted.)
 In the instant matter, the trial court determined that the interpretations adopted by the magistrate conformed with the city's zoning regulations. We also conclude that the regulations were clear, unequivocal, and definite since they indicated that a parcel of land bound at opposite ends by a dedicated right-of-way must adhere to the front yard set back requirements for each end. Further, it is our view that the trial court's decision was supported by a preponderance of reliable, probative and substantial evidence. Appellants' first assignment of error is without merit.
In the second assignment of error, appellants declare that that the trial court erred in denying their application for a variance.
In order to obtain an area variance, the applicant must demonstrate "practical difficulties" that would arise if the variance is not granted. Kisil, 12 Ohio St.3d at syllabus. The Supreme Court set forth a list of factors to aid in the determination of whether "practical difficulties" exist:
 "* * * (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services * * *; (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Duncan v. Middlefield (1986), 23 Ohio St.3d 83, 86.
 In the case sub judice, the Board stated findings of fact in its decision, which demonstrate that it considered all of the foregoing factors before denying the variance. The Board spent a significant amount of time enunciating each factor of the test before reaching its decision. The trial court determined that, of the seven factors in the Duncan test, the only factor weighing clearly in appellants' favor was the essential character of the property abutting Plains Road will not be detrimentally changed by the construction of this addition in an already commercial area. The remaining six factors did not support appellants' claim. Thus, we cannot conclude that the trial court's decision was not supported by a preponderance of reliable, probative, and substantial evidence. Appellant's second assignment is without merit.
Based on the foregoing analysis, appellants' assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
[1] Pursuant to Ordinance 1258.05(a)(1), "Front yard"set backs shall not be less than sixty feet for businessbuildings.