[THE STATE, EX REL.] KENDRICK, *v.* MASHETER, DIRECTOR OF HIGHWAYS.*

*Judgment affirmed, 176 Ohio St., 232.

(No. 7420—Decided September 10, 1963.)

*Mr. Donald H. Tishman*, for relator.
*Mr. William B. Saxbe*, attorney general, and *Mr. James E. Rattan*, for defendant.

*Per Curiam.* Relator, Britton Kendrick, filed his petition in this court praying for a writ of mandamus requiring the respondent, the Director of the Ohio Department of Highways, to reinstate him in his position identified as ''1674 Right of Way Agent IV, Division No. 8,'' from which he was ''laid off'' on January 17, 1963.

The petition recites further that while the reason advanced for his ''layoff'' was economy, the real reason was political. This claimed political discrimination was the basis of an appeal to the State Personnel Board of Review filed by Kendrick on February 7, 1963. A hearing was had beginning April 30, 1963, and on May 7, 1963, the decision of the board issued affirming the layoff order of the director.

Relator claims that he has no right of appeal from the decision of the board and is left without any remedy at law or equity. Defendant demurred to the petition.

The State Personnel Board of Review has authority to hear appeals under the provisions of Section 143.012, Revised Code. In subsection (A), the duties outlined read, in part, as follows:

''Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to reduction in pay or position, layoff, suspension, discharge, * * *.''

Prior to the enactment of Section 143.012, Revised Code, the act being effective November 2, 1959 (128 Ohio Laws, 1049, 1050), the statutes providing for appeals procedures by civil

service, or classified, employees of the state of Ohio, contained nothing covering appeals from "layoff" orders, necessitating a petition for a writ of mandamus to accomplish a review of such an order. Now the State Personnel Board of Review has that specific authority together with rule-making power under subsection (F) of Section 143.012, Revised Code.

Two bothersome clauses appear in the authorizing statute, Section 143.012 (A), Revised Code. The first provides that the State Personnel Board of Review may hear appeals, "as provided by law," and the second says that it may affirm, disaffirm, or modify the decisions of an appointing authority or the Director of State Personnel "and its decision is final."

The authority to hear appeals "as provided by law" suggests that other statutory provisions will supply the appeals procedure. Section 143.27, Revised Code, contains the appeals requirements for many of the situations with which a dislodged classified employee may be confronted, but no mention is made of "layoff" as a basis for appeal. If appeal procedures, to implement the authority given the board in Section 143.012 (A), Revised Code, cannot be found in other existing statutes, they must be established by rule of the board itself as provided in subparagraph (F) of the same section. The case of *State, ex rel. Oliver,* v. *State Civil Service Commission of Ohio* (1959), 168 Ohio St., 445, suggests the next step in the available appeal route, appeal to the Common Pleas Court. The court held that the Civil Service Commission was an agency, and that, "its orders are appealable to the Court of Common Pleas under authority of Section 119.12, Revised Code, providing in part that 'any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County.' "

It is clear that the employee who has been subjected to a "layoff" may appeal from the order imposed by the appointing authority to the State Personnel Board of Review, which has authority to hear such an appeal according to the provisions of Secton 143.012, Revised Code, under rules of procedure adopted by the board, and by virtue of Section 119.12, Revised Code, may perfect an appeal from the decision of the board to the Court of Common Pleas of Franklin County under the

*Oliver case, supra.* The *Oliver case* also gives attention to the "and its decision is final" clause. Prior to revision, Section 143.27, Revised Code, recited that in the appeals listed the decision of the Civil Service Commission was final. The court held that the Administrative Procedure Act, Chapter 119, Revised Code, was passed subsequent to the Civil Service Act and would be controlling.

The restrictive clause is now gone from Section 143.27, Revised Code, but found its way into Section 143.012 (A), Revised Code. Section 119.12, Revised Code, was revised by the same session of the General Assembly that enacted Section 143.012, Revised Code, and retained the language in Section 119.12 that has been there since the beginning, allowing any party adversely affected by any order of an agency to appeal to the Common Pleas Court of Franklin County. The amended section became effective November 4, 1959 (128 Ohio Laws, 1116). The statute establishing the State Personnel Board of Review was effective November 2, 1959 (128 Ohio Laws, 1049 *et seq.*). By any view the Administrative Procedure Act is no longer subsequent in time, but in Section 143.011, Revised Code, the General Assembly provided that the new board should substitute for the old Civil Service Commission in any law of this state effective at the time the Civil Service Commission was adopted.

The new board of review substitutes, therefore, for the commission in Section 119.01, Revised Code. If the General Assembly had intended to change the appeal provision then existing, it could very well have done so at the time it amended Section 119.12, Revised Code, by excepting the new board from its operation. This court considered the problem presented by these conflicts in its decision in the case of *Graul v. State Personnel Board of Review, Department of State Personnel* (1962), 117 Ohio App., 108, and concluded as follows:

"'* * * The most reasonable interpretation of the various conflicting provisions is, in our opinion, to interpret Section 143.012, Revised Code, as making the board's order 'final' in the sense of being the highest or ultimate authority within the agency, but not in the sense of a specific denial of the right to appeal. Accordingly, under the provisions of Section 143.011,

172

Revised Code, and Chapter 119, Revised Code, we hold the board's order to be appealable. * * *."

Under Section 143.012, Revised Code, relator's appeal to the board was proper, and the board had authority to hear it. Under Chapter 119, Revised Code, and the rules of the board, as they are or as they should provide, he may complete his appeal. We find, therefore, that the board's affirmance of the director's order, issued May 7, 1963, is an appealable order. Relator has a plain and adequate remedy in the ordinary course of the law. The demurrer of the respondent is sustained and the petition of the relator dismissed at his costs.

*Demurrer sustained and petition dismissed.*

BRYANT, DUFFEY and TROOP, JJ., concur.