DURBIN ET AL. *v.* SCHNEIDER, TAX COMMR.

(No. 7508—Decided February 4, 1964.)

*Messrs. Saker & Yannon*, for relators.
*Mr. William B. Saxbe*, attorney general, and *Mr. Robert J. Perry*, for respondent.

DUFFEY, J. This is an original action in mandamus to require the respondent, Tax Commissioner, to restore the 69 relators to positions which have been purportedly abolished. Respondent has filed a general demurrer to the petition.

There is much in the petition which appears to be legally irrelevant or of no significance. There is also apparent confusion between a "layoff" and a "job abolishment." There are extensive allegations with respect to provisional employees being certified to relators' positions which would also appear to be immaterial. See *State, ex rel. Stine,* v. *McCaw, Chief of Div. of Aid for Aged* (1940), 137 Ohio St., 13. However, it is not this court's function or that of a demurrer to clean up the relators' pleadings.

Upon examination of the whole petition we find that it sufficiently alleges facts which state a cause of action. Relators held civil service positions. By a letter issued by the Tax Commissioner their jobs were abolished. Allegedly, respondent has hired persons to perform the same or similar work. Allegedly, "at least sixty-five" of the relators "were dismissed for political reasons" and in "bad faith." Allegedly, the reasons given for abolishment, *i. e.*, reorganization and economy, are "subterfuges" for political discrimination.

There are, of course, various ways in which unemployment may result in a civil service position. It is elementary in civil service law to distinguish between the removal of an employee from the position, and the abolishment of the position itself which results in the loss of employment for the person holding that position. The removal of the employee himself from a civil service position may be by discharge, suspension, layoff, etc. Such actions are appealable to the Personnel Board of Review. See Section 143.012, Revised Code, *State, ex rel. Kendrick,* v. *Masheter, Dir., Dept. of Highways* (1963), 120 Ohio App., 168, and *State, ex rel. Kendrick,* v. *Masheter, Director of Highways* (1964), 176 Ohio St., 232.

On the other hand, abolishment traditionally has been considered an executive function and not a personnel question. The power to appoint implies the power to abolish a position. See *Vansuch, Dir. of Public Safety & Service,* v. *State, ex rel. Fetch* (1925), 112 Ohio St., 688; *State, ex rel. Miller,* v. *Witter, Dir. of Dept. of Industrial Relations* (1926), 114 Ohio St., 122; *State,*

*ex rel. Stine,* v. *McCaw, Chief of Div. of Aid for Aged* (1940), 137 Ohio St., 13; *State, ex rel. McGann,* v. *Evatt, Tax Commr.* (1941), 138 Ohio St., 421; *State, ex rel. Stoer,* v. *Raschig, Dir. of Dept. of Public Works* (1943), 141 Ohio St., 477. No administrative appeal or review in the Department of Personnel was provided under the Ohio civil service laws previous to 1959. An employee's appeal rights and the powers of the board are now found in Section 143.012, Revised Code. We find no change in that respect. Appeal is limited there to the named grounds. Abolishment is not a "layoff" or a "suspension." It is not a "discharge." In civil service law a discharge refers to the removal of an employee from his position and not to the elimination of the position itself.

Where the power of abolishment is used to invade civil service rights and evade the civil service law, there is a judicial remedy in mandamus. See cases cited. In a proper case the court may order the position restored. The employee's right to hold that position follows from and depends upon his status under civil service laws. If upon restoration of the position an employee is denied the right to occupy it, his remedies are well established under the civil service laws.

Since the petition here alleges that relators' positions were abolished and that the abolishment was illegal as a subterfuge for political and personal discrimination, the petition states a cause of action in mandamus for restoration of the positions.

The demurrer to the petition is overruled.

*Demurrer overruled.*

BRYANT and TROOP, JJ., concur.