THE STATE EX REL. BOGGS ET AL., APPELLANTS, *v.* SPRINGFIELD
LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Boggs v. Springfield Local School
Dist. Bd. of Edn.* (1998), 82 Ohio St.3d 222.]

(No. 97–73—Submitted March 3, 1998—Decided June 24, 1998.)

*Buckley King & Bluso* and *James E. Melle,* for appellants.

*Johnson, Balazs & Angelo* and *Michael J. Angelo,* for appellee.

---

**MOYER, C.J.** We conclude that the relators are entitled to a writ of mandamus and therefore reverse the court of appeals.

The board contends that the agreement was in effect until the point of "ultimate impasse" in renegotiations, and that the agreement authorized the layoffs of the relators. The relators contend that the agreement was not in effect, having expired prior to their return to work on or after September 17, 1993. Thus, we must initially determine whether the provisions of the agreement governed the legal rights and responsibilities of the board and the relators during the relevant events underlying this dispute, as asserted by the board, or whether to apply the law set forth in R.C. 3319.081, as argued by the relators.

The board argues that, by declaring ultimate impasse on October 1, 1993, it manifested its intent to no longer be bound by the terms of the expired collective bargaining agreement. In *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas* (1997), 78 Ohio St.3d 489, 493, 678 N.E.2d 1365, 1368, we rejected an argument similar to that made by the board in this case. The contention rejected was that a new agreement governed by R.C. Chapter 4117 resulted when an employer unilaterally implemented its final offer upon an ultimate impasse in renegotiations after an express termination date of a prior collective bargaining agreement. *Rootstown* did not, however, deal with the continued viability of a prior collective bargaining agreement subsequent to an express expiration date set forth in that agreement.

We hold that where a collective bargaining agreement reached pursuant to R.C. Chapter 4117 includes an express termination date, the agreement may be deemed to continue by implied mutual assent after that date only until such time

as either party to the agreement acts in a manner inconsistent with the inference that both parties wish to be governed by it.

The record reveals that the agreement at issue in the case at bar was no longer in effect on or after September 17, 1993 when the relators returned to work. By that time the relators had already indicated their intent not to be bound by the terms of the expired agreement by returning to work after expressing their desire to be governed by statutory law rather than the expired agreement, and by filing this action in mandamus asserting that they were entitled to the protection offered by R.C. 3319.081.

Thus, when the relators returned to work, no agreement existed to supersede the statutory rights imposed by the Revised Code,[2] and the employment relationship between the relators and the board was therefore governed by the Revised Code. Accordingly, we must determine the mutual rights and responsibilities of the parties according to the provisions of the Revised Code, rather than according to the expired agreement. More particularly, we must determine the extent of protection provided by R.C. 3319.081 to relators, nonteaching school employees of a local school district.

Pursuant to R.C. 3319.081, local district school boards are required to enter into written employment contracts for a period of not more than one year with newly hired, regular nonteaching school employees. If those employees are then reemployed, the school board is required to enter into a written two-year contract with the employee. After three years of full-time employment, a nonteaching school employee is deemed to be employed pursuant to a continuing contract.

R.C. 3319.081 gives statutory job security to nonteaching local school district employees, in that it provides for termination of employment contracts *only* for the express enumerated reasons set forth in R.C. 3319.081(C), or for "any other acts of misfeasance, malfeasance, or nonfeasance."

Despite the clarity of the language of R.C. 3319.081, the board argues that it nevertheless had the authority to abolish relators' positions and to lay off the relators. The statute does not, however, authorize layoffs, nor has the board cited to us any other statutory provision authorizing layoffs of nonteaching local school district employees for economic reasons. The General Assembly has expressly provided authority for such layoffs in R.C. 124.321, 3319.02(C), and

---

2. R.C. 4117.10 provides:

"(A) An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees."

3319.17, which authorize reductions in force based on economic considerations, even where those reductions result in layoffs or suspension of contracts of state civil servants, school district administrators, and teachers, respectively. See, also, *Ferdinand v. Hamilton Local Bd. of Edn.* (1984), 17 Ohio App.3d 165, 17 OBR 296, 478 N.E.2d 835, paragraph one of the syllabus ("There is no statutory provision for job abolishments or layoff of non-teaching personnel of a local school district."). We should not and, therefore, do not, judicially graft an exception to the express language of the statute.

The relators have a clear legal right to recognition of their rights to continued employment pursuant to R.C. 3319.081. The judgment of the court of appeals is reversed, and the cause is remanded for application of this decision to each of the relators, including award of back pay to be calculated in accord with established principles. See, *e.g.*, *Monaghan v. Richley* (1972), 32 Ohio St.2d 190, 61 O.O.2d 425, 291 N.E.2d 462; *State ex rel. Hamlin v. Collins* (1984), 9 Ohio St.3d 117, 118, 9 OBR 342, 343, 459 N.E.2d 520, 522.

*Judgment reversed*
*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, DESHLER and LUNDBERG STRATTON, JJ., concur.

DANA A. DESHLER, JR., J., of the Tenth Appellate District, sitting for COOK, J.