DECISION
The above cause is before the court pursuant to a petition for a writ of mandamus filed by counsel for relators, Ohio Association of Public School Employees/AFSCME, Local 4, AFL-CIO, and its Local 738, and eleven individuals,[1] on August 24, 1998. The individual relators are school bus drivers who were previously employed by respondent, Batavia Local School District Board of Education ("school board").[2]
Until the conclusion of the 1997-1998 school year, the school board had provided school bus transportation services to students attending the Batavia Local School District with school buses it owned and school bus drivers and mechanics which it employed. At the conclusion of the 1997-1998 school year, the school district owned and operated twenty school buses and employed thirteen school bus drivers and one mechanic.
During 1998, the school board held a series of meetings concerning the school district's transportation work. On July 20, 1998, a motion was made and passed that the school district's transportation work would be contracted out to a private company, Laidlaw Transit, Inc. As a result, the school board laid off its thirteen school bus drivers and one school bus mechanic. Relators contend that the school board's actions were contrary to law and have filed this writ of mandamus requesting reinstatement, back pay, and lost fringe benefits. Both parties have filed motions for summary judgment.
The terms and conditions of employment for nonteaching, transportation local school district employees are addressed in Chapter 3319 of the Ohio Revised Code. Under 3319.081, nonteaching employees of a local school district are employed under either a limited contract for a term of one or two years, or under a continuing contract. Limited contracts are, in effect, probationary contracts. If the contract of a nonteaching employee is renewed after the expiration of his or her second limited contract, the employee is deemed to be employed under a continuing contract which continues until the employee resigns, retires, dies, or is terminated. R.C. 3319.081 does not address circumstances and procedures pursuant to which nonteaching employees of a local school district may be laid off.
Nonteaching employees of the Batavia Local School District, including school bus drivers and mechanics, have for many years been included in a bargaining unit and represented by relator, Ohio Association of Public School Employees. The collective bargaining agreement ("CBA") that was in effect when the individual respondents were laid off was in effect from March 1, 1996 through February 28, 1999.[3]
There are three essential elements that a relator must demonstrate to obtain a writ of mandamus: (1) a clear legal right to have the requested act performed by the public officer(s) involved, (2) that the public officer(s) have a clear legal duty to perform the act requested, and (3) no other plain and adequate remedy at law. State ex rel. Stamps v. Automatic Data ProcessingBd. of Montgomery County (1989), 42 Ohio St.3d 164. Mandamus is not a substitute for appeal. State ex rel. Casey v. Court ofAppeals (1972), 29 Ohio St.2d 90. An action in mandamus will not lie where employment of the writ does not give a full and complete remedy, or in a case where the law affords another remedy specifically securing the enforcement of a right or the correction of the wrongs complained of. State ex rel. Phelps v.Gearhart (1922), 104 Ohio St. 422.
In support of the petition, relators argue that R.C. 3319.081
grants them job security under continuing and limited contracts with the school board. Relators also rely on State ex rel. Boggsv. Springfield Loc. School Dist. Bd. of Education (1998), 82 Ohio St.3d 222. The Boggs case involved twenty-one school bus drivers and mechanics who were at one time subject to a collective bargaining agreement. The agreement became effective on September 1, 1990 and, according to its terms, was to remain in full force and effect until 11:59 p.m. on August 31, 1993. Id. Early in 1993, the school board notified the union that it was considering subcontracting its transportation services to a private company. On August 3, 1993, the union gave notice to the school board of its intent to commence a strike on September 14, 1993 by bus drivers and mechanics. However, no new agreement was reached by August 31, 1993, the expiration date of the existing agreement. Neither side expressly asked the other for an extension of the expiration date. Id. On September 12, 1993, the school board adopted a resolution that authorized the superintendent of the school district to enter into a transporation contract with the private company. The supreme court found that since the collective bargaining agreement had expired, the bus drivers and mechanics were entitled to the protection offered by R.C. 3319.081.
Respondents contend that R.C. 3319.081 and Boggs are inapplicable to the present case because the parties have at all times been subject to a collective bargaining agreement. Article XIII of the CBA specifically addresses layoff and recall and provides a "bumping" system for laid off employees based upon seniority. Respondents argue that R.C. 4117.10(A) mandates that the collective bargaining agreement covers the terms and conditions of relators' employment with respondents, not 3319.081, which applies only when there is no collective bargaining agreement.
R.C. 4117.10(A) provides, in pertinent part, as follows:
 An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to the grievance procedure * * *. Where no agreement exists or where an agreement makes no specification about a matter, the public employer and public employee are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees * * *. [T]his chapter prevails over any and all conflicting laws * * * except as otherwise specified in this chapter or otherwise specified by the General Assembly.
Respondents contend that the supreme court has consistently interpreted the above language to mean that the provisions of a collective bargaining agreement between a public employee and a labor organization representing public employees prevail over conflicting statutory provisions. State ex rel. Burch v.Sheffield-Sheffield Lake City School Dist. Bd. of Education
(1996), 75 Ohio St.3d 216; State ex rel. Rawlins v. Bd. ofEducation for the Cleveland Heights-University Heights City SchoolDist. (1988), 40 Ohio St.3d 123.
Respondents argue that Boggs is distinguishable from the present case because in that case the board of education contracted out transportation services after the collective bargaining agreement that covered the affected bus drivers and mechanics had expired. Here, the individual relators have been subject to the terms and conditions of the CBA at all times.
Based upon the foregoing, we find that relators are not entitled to a writ of mandamus. Given the language of R.C.4117.10(A), the collective bargaining agreement is controlling, not R.C. 3319.081. R.C. 4117.10 expressly provides that certain laws will prevail over conflicting provisions of contracts between employee organizations and public employers. R.C.3319.081 is not included among these stated exceptions. Boggs is distinguishable because the parties in that case were not covered by a collective bargaining agreement, which made R.C. 3319.081
applicable.
The court therefore concludes that relators have no clear legal right and respondents have no clear legal duty to reinstate relators to their positions as public employees. Relators' motion for summary judgment is accordingly DENIED, and respondents' motion for summary judgment is GRANTED. Costs to be paid by relators.
YOUNG, P.J., WALSH and VALEN, JJ., concur.
[1] The other individuals are Barbara K. Hitt, Debra Lang, Patricia Gravel, Duane Berger, Margaret D. Knueven, Teri L. Elliott, Rex A. Parsons, Robert E. Courts, Ron Risinger, John Schmidt and Debbie Longbottom.
[2] The other respondents in this action are James Fite, Superintendent of the Batavia Local School District Board of Education, Terry W. Stephens, Treasurer of the Batavia Local School District Board of Education, and Candace Koch, President of the Batavia Local School District Board of Education.
[3] A successor collective bargaining agreement has been reached between relator, Ohio Association of Public School Employees, and the school district which is effective from March 1, 1999 through February 28, 2002.