ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Gregory W. Brooks, avers that — since 1984 — he had been a non-teaching employee of respondent, Board of Education for the Beachwood City School District (the "Board"), prior to his layoff on June 30, 2005. Brooks asserts that, because he had attained "continuing contract" status under R.C.3319.081, he is "immune from layoff." He requests that this court issue a writ of mandamus compelling the Board to: recognize his "continuing contract authorized by R.C. 3319.081 and to disallow his layoff"; reinstate him to his position as a grounds worker with back pay and lost benefits; and ensure that Brooks was not terminated and did not suffer discrimination.
 {¶ 2} This court granted the parties leave to file dispositive motions as well as briefs in opposition to the motions. Each of the parties filed a motion for summary judgment. For the reasons stated below, we grant the Board's motion for summary judgment, deny Brooks' motion for summary judgment and order that the request for relief in mandamus be denied.
 {¶ 3} R.C. 124.11 divides civil service (including civil service of city school districts) into classified and unclassified service. Classified service is further divided into the competitive class and unskilled labor class. R.C. 124.11(B). R.C. 124.321 specifies the procedures for layoffs. The Board contends that relief in mandamus is not appropriate because Brooks is a member of the classified civil service and the Board complied with the layoff procedures required by R.C. Chapter 124.
 {¶ 4} Brooks, however, argues that his employment is not governed by R.C. Chapter 124. Rather, he contends that he has a continuing contract with the Board under R.C. 3319.081, which provides, in part:
"Except as otherwise provided in division (G) of this section [school closings due to epidemic or public calamity], in allschool districts wherein the provisions of Chapter 124. of theRevised Code do not apply, the following employment contract system shall control for employees whose contracts of employment are not otherwise provided by law:"
"(A) Newly hired regular nonteaching school employees, including regular hourly rate and per diem employees, shall enter into written contracts for their employment which shall be for a period of not more than one year. If such employees are rehired, their subsequent contract shall be for a period of two years."
"(B) After the termination of the two-year contract provided in division (A) of this section, if the contract of a nonteaching employee is renewed, the employee shall be continued in employment, and the salary provided in the contract may be increased but not reduced unless such reduction is a part of a uniform plan affecting the nonteaching employees of the entire district."
(Emphasis added.) Brooks contends that, after his initial one-year contract and the two-year limited contract the following two years, R.C. 3319.081 requires the conclusion that he has been employed under a continuing contract.
 {¶ 5} Generally, appeals from layoffs by a city school district lie in the municipal civil service commission governing the district. See R.C. 124.40(A) and 124.328. Beachwood City School District (the "District") serves exclusively the City of Beachwood ("the City"). "When the territory of a city school district is not located in more than one city, the civil service commission of the city in which the district has territory shall serve as the commission for the school district." R.C.124.011(A). As a consequence, the Board argues that the Beachwood Civil Service Commission ("the Commission") would be the appropriate tribunal to hear Brooks' appeal of his layoff.
 {¶ 6} In Ohio Assn. of Pub. School Employees, Chapter No.471, v. Twinsburg (1988), 36 Ohio St.3d 180, 522 N.E.2d 1988, "the Twinsburg City Council (hereinafter "council") enacted Ordinance No. 13-1983, which limits the constituency to be served by the city's civil service commission by excluding the Twinsburg City School District, a multi-city district, and its employees from the services provided by the commission." Id. The Supreme Court held, in the syllabus:
"A chartered municipality, under its home-rule authority, may enact an ordinance limiting the jurisdiction of its civil service commission to only city employees notwithstanding R.C.124.011(A). (State, ex rel. Stough, v. Bd. of Edn. [1977],50 Ohio St. 2d 47, 4 O.O. 3d 116, 362 N.E. 2d 266, overruled to the extent inconsistent herewith.)"
Id.
 {¶ 7} In light of OAPSE v. Twinsburg, relator argues that the jurisdiction of the Commission does not extend to non-teaching employees of the Board. Brooks relies upon Beachwood City Charter, Article VI, Section 3(2), which provides:
"The civil service of the City is divided into the unclassified and classified service."
"(A) The unclassified service shall include all elected, appointed and employed persons of the City except those included in the classified service."
"(B) The classified service shall consist of all PoliceOfficers and Fire Fighters who are appointed and/or promoted bycompetitive civil service examination, excluding the Chief and any Deputy Chief of the Police Department and the Chief and any Deputy Chief of the Fire Department, to be known as the safety forces. Council, by ordinance, shall create each rank in the safety forces and the number of persons to serve in each rank. Such ordinance shall be known as the table of organization."
(Emphasis added.) Brooks asserts that the Commission only has jurisdiction over employees of the City who are police officers and fire fighters as well as not otherwise excluded from classified service. That is, Brooks contends that nonteaching employees of the Board do not have recourse to the Commission. As a consequence, Brooks argues that R.C. 3319.081 defines his employment status because he works for a city school district "wherein the provisions of Chapter 124. of the Revised Code do not apply * * *." R.C. 3319.081, supra.
 {¶ 8} The Board observes, however, that, in OAPSE v.Twinsburg, Twinsburg expressly excluded the school district's employees from the jurisdiction of the city's civil service commission. Indeed, Twinsburg Ordinance No. 13-1983 provided, in part: "Effective as of 12:01 a.m., March, 2, 1983, and continuing thereafter until otherwise ordered by the Council, the Commission is hereby instructed not to provide services to the School District and/or its employees." Beachwood City Charter, Article VI, Section 3(2), does not mention the school district. Nevertheless, Brooks urges this court to hold that Beachwood City Charter, Article VI, Section 3(2), excludes him and other Board employees from the jurisdiction of the Commission.[1]
 {¶ 9} The fundamental criteria for issuing a writ of mandamus are well-established:
"In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National CityBank v. Bd. of Education (1977), 52 Ohio St. 2d 81,369 N.E.2d 1200."
State ex rel. Harris v. Rhodes (1978), 54 Ohio St. 2d 41, 42,374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 10} R.C. 124.011(A) clearly defines the Commission as the civil service commission for the District. Brooks argues, however, that — under Beachwood City Charter, Article VI, Section 3(2) — the Commission's jurisdiction is limited to safety forces.
"Charter provisions and rules, which deal with civil service employment and are promulgated pursuant to the home-rule authority of the Ohio Constitution, will prevail over conflicting state civil service provisions. State, ex rel. Bardo, v.Lyndhurst (1988), 37 Ohio St.3d 106, 524 N.E.2d 447; Burk v.Cleveland (Dec. 22, 1988), Cuyahoga App. No. 54818, unreported;State Personnel Bd. of Review v. Bay Village Civil ServiceComm. (Jan. 19, 1986), Cuyahoga App. No. 49919, unreported. Thus, the general civil service laws as codified within R.C. Chapter 124 et seq. will apply where the charter provisions are silent or where the charter has adopted the language of the particular state statute. In addition, express charter provisions will prevail over conflicting state civil service provisions as found within the Revised Code. State Personnel Bd. of Review v.Bay Village Civil Service Comm., supra [(Jan. 19, 1986), Cuyahoga App. No. 49919, unreported]."
Jacomin v. Cleveland (1990), 70 Ohio App.3d 163, 165,590 N.E.2d 846, quoted in Manlou v. Cleveland, Cuyahoga App. No. 82513, 2005-Ohio-2850, at ¶ 9. Brooks contends that Beachwood City Charter, Article VI, Section 3(2), excludes him from having recourse to the Commission. As a consequence, Brooks argues that the layoff provisions of R.C. Chapter 124 do not apply to him, his employment is governed by R.C. 3319.081 and he has been entitled to remain employed as a grounds worker for the Board.
 {¶ 11} The fundamental issue of this action is whether Beachwood City Charter, Article VI, Section 3(2), excludes nonteaching employees of the Board from the jurisdiction of the Commission. Initially, we note that the introductory language of that provision refers to "[t]he civil service of the City
* * *." Unlike the ordinance in OAPSE v. Twinsburg, supra, which expressly excluded employees of the school district from accessing the services of the city's civil service commission, Section 3(2) makes no mention of the District or its employees.
 {¶ 12} Regardless, Brooks argues that he is entitled reinstatement under R.C. 3319.081. In support of this position, he cites a series of decisions by the Supreme Court of Ohio in which R.C. 3319.081 provided authority for the reinstatement of bus mechanics and/or drivers after the respective school boards laid them off and contracted with a private firm for transportation services. See State ex rel. Boggs v. SpringfieldLoc. School Dist. Bd. of Edn. (1998), 82 Ohio St.3d 222,694 N.E.2d 1346; State ex rel. Stacy v. Batavia Loc. School Dist.Bd. of Edn., 97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216;State ex rel. Stacy v. Batavia Loc. School Dist. Bd. of Edn.,105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298. The Board correctly observes, however, that those cases involved local
school districts. Brooks has not effectively refuted the Board's contention that Brooks has not provided this court with any authority that R.C. 3319.081 is controlling for a city school district.
 {¶ 13} Brooks also observes that some of his contracts with the Board and other records include a reference to R.C. 3319.081. He argues, therefore, that "the Beachwood school district consistently treated Brooks as a R.C. 3319.081 employee." Brooks' Brief in Opposition to the Board's Motion for Summary Judgment, at 5. The Board observes, however, that Brooks' contracts and salary notifications as well as other documents also use the term "classified." Obviously, given the fundamental issue in this case, the presence or absence of either term from various documents need not be dispositive. Rather, we must base our decision on the controlling statutory provisions.
 {¶ 14} As was discussed above, any applicability of the language of Beachwood City Charter, Article VI, Section 3(2), to Brooks or other nonteaching employees of the District is less than clear. The use of the introductory phrase "[t]he civil service of the City" invites a consideration whether the framers intended the application of that provision to be limited to city employees. Additionally, Brooks has not provided this court with any controlling authority requiring that we treat R.C. 3319.081
as governing his employment relationship with a city school district. Likewise, Brooks has not refuted the Board's assertion that the Board properly laid off Brooks under R.C. Chapter 124. As a consequence, Brooks has failed to demonstrate that he has either a clear legal right to relief or that the Board has a clear legal duty to reinstate him.
 {¶ 15} Similarly, Brooks has not demonstrated that he lacks an adequate remedy in the ordinary course of the law by way of appeal to the Commission.
""[B]efore a writ of mandamus will issue to compel a classified employee's reinstatement or back pay, there must be a final determination made in an appeal from SPBR, a local civil service commission, or other quasi-judicial authority that the employee was `wrongfully excluded from employment.'" State ex rel. Weissv. Indus. Comm. (1992), 65 Ohio St.3d 470, 476, 605 N.E.2d 37,41, and the cases cited therein. Prior to a determination of wrongful exclusion, mandamus does not lie. Id. at 477,605 N.E.2d at 42."
"* * *." "Further, a writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. State ex rel. Gillivan v. Bd. of Tax Appeals (1994),70 Ohio St.3d 196, 199, 638 N.E.2d 74, 76; R.C. 2731.05. Appeal is inadequate only if it is not complete in its nature, beneficial and speedy. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. Mandamus is not available as a substitute for civil service appeals. Stateex rel. Weiss, supra, 65 Ohio St.3d at 477, 605 N.E.2d at 42."
State ex rel. Nichols v. Cuyahoga Cty. Bd. of MentalRetardation Developmental Disabilities (1995),72 Ohio St.3d 205, 208-209, 648 N.E.2d 823, cited with approval in State exrel. Ullmann v. Hayes, 103 Ohio St.3d 405, 2004-Ohio-5469,816 N.E.2d 245, at ¶ 10.
 {¶ 16} Brooks' appeal to the Commission remains pending. In light of Nichols and the line of settled authority referred to above, Brooks has failed to demonstrate that his appeal is not an adequate remedy in the ordinary course of the law. He has not, therefore, met any of the criteria for relief in mandamus.
 {¶ 17} Accordingly, the Board's motion for summary judgment is granted and Brooks' motion for summary judgment is denied. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Writ denied.
Celebrezze, Jr., P.J., concurs.
 Corrigan, J., concurs.
[1] The parties acknowledge that Brooks has filed an appeal of his layoff with the Commission. That appeal is pending. Brooks' appeal to the State Personnel Board of Review ("SPBR") was dismissed for lack of jurisdiction under R.C. 124.01(B) and124.03(A).