OPINION
{¶ 1} Plaintiff-appellant Steven W. Gebbie appeals two judgments of the Court of Common Pleas of Licking County, Ohio, which granted summary judgment in favor of defendant-appellee Licking Heights Local Schools Board of Education, and overruled appellant's motion to amend his complaint. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE LOWER COURT'S DECISION ERRONEOUSLY GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT, AND DENIED APPELLANT'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT, CONSTITUTING AN ABUSE OF DISCRETION."
 {¶ 3} Civ. R. 56 states in pertinent part:
 {¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." *Page 3 
 {¶ 5} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 6} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 8} R.C. 3319.081 states in pertinent part: *Page 4 
 {¶ 9} "(C) The contracts as provided for in this section may be terminated by a majority vote of the board of education. Except as provided in Sections 3319.0810 and 3319.172 of the Revised Code, the contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance. In addition to the right of the board of education to terminate the contract of an employee, the board may suspend an employee for a definite period of time or demote the employee for the reasons set forth in this division. The action of the board of education terminating the contract of an employee or suspending or demoting the employee shall be served upon the employee by certified mail. Within ten days following the receipt of such notice by the employee, the employee may file an appeal, in writing, with the court of common pleas of the county in which such school board is situated. After hearing the appeal, the common pleas court may affirm, disaffirm or modify the action of the school board."
 {¶ 10} The trial court set out the facts which gave rise to this case in its March 17, 2008 judgment entry. Appellant was a non-teaching employee at Licking Heights Local Schools. He had a two-year contract as an assistant technology coordinator for the 2006-2007 and 2007-2008 school years. On June 12, 2007, appellant's superior issued him a written reprimand for tardiness, absences, inefficiency, neglect of duty, and dishonesty. The following day appellant was observed entering the school's district office after business hours and after the building had been locked up for the day. Appellant gained entry to the building with the key he was issued to perform his job *Page 5 
duties. Appellant stated he went to the office to view his personnel file and retrieve a copy of the reprimand. Shortly after this incident the school superintendent recommended the Board of Education terminate appellant's employment. On July 10, 2007, the Board voted to terminate his employment one year before his contract expired.
 {¶ 11} The same day, appellant filed this action for breach of contract and tortious violation of public policy. Subsequently, appellant dismissed the tortious violation of public policy claims.
 {¶ 12} On September 22, 2007, appellant received notice of the Board's action in terminating his employment as required by R.C. 3319.081. On February 19, 2008, appellant filed for leave to amend his complaint to include an appeal of the Board's actions pursuant to R.C. 3319.081.
 {¶ 13} The trial court found R.C. 3319.081 provides for an administrative appeal of a decision by a Board of Education, but Ohio courts have sometimes allowed plaintiffs to file separate claims on contracts or other employment-related allegations. The court found it could proceed separately as to claims other than an appeal, citingBolak v. Chardon Board of Education (October 8, 1982), 11th Dist. No. 1014.
 {¶ 14} Both in the trial court and before us, appellant argues appellee did not have cause to terminate his employment prior to the expiration of the contract.
 {¶ 15} The trial court found in support of its motion for summary judgment, appellee presented the minutes of the Board meeting documenting the vote, as well as copies of written Board policies concerning staff conduct, attendance, ethics, buildings and grounds security, and staff dismissal. In addition, appellee submitted a copy of the *Page 6 
written reprimand documenting appellant's tardiness, absences, inefficiency, and neglect of duty. Appellant had signed the reprimand along with his supervisor.
 {¶ 16} Appellee also presented the affidavit of the person who witnessed appellant entering the district office after hours and the affidavit of the superintendant testifying the doors to the district office were locked after business hours. The superintendant characterized appellant's entrance into the office after hours as "unauthorized."
 {¶ 17} The trial court found appellant's affidavit did not dispute the behavior cited in the reprimand, but only disputed the characterization of his entry into the district office after hours. The court found nonetheless, appellee had presented the court with evidence of multiple violations of its written policies, and evidence of behavior that amounts to at least inefficiency and neglect of duty. The court found construing the evidence in favor of appellant, appellee had established grounds for terminating appellant's employment.
 {¶ 18} Appellant urges R.C. 3319.081 requires the Board to state specific reasons why his employment was terminated, if the termination is for reasons other than that set out in the statute. Appellant argues the minutes of the Board's meeting do not explain its action, nor was any explanation for the action ever conveyed to him by certified mail. Finally, appellant argues minimum due process requires the employee to be given notice of the hearing, specification of the charges, an opportunity to be heard, and right to offer evidence and to cross examine adverse witnesses.
 {¶ 19} Appellee argues appellant reads into the statute requirements which are simply not there. *Page 7 
 {¶ 20} Appellant cites us to Ferdinand v. Hamilton Local Board ofEducation (1984), 17 Ohio App. 3d 165. In Ferdinand, the court held: "Since R.C. 3319.081 vests a right of continued employment in a non-teaching employee of a local school district having a continuing contract, it is necessary that a Board of Education makes findings of specific reasons and need to terminate the continuing contract if it is to do so for reasons other than as specified in that section." Syllabus by the court, paragraph three.
 {¶ 21} The Ferdinand court also held: "A non-teaching continuing contract of an employee of a local school district may ordinarily be terminated only for the reasons set forth in R.C. 3319.081. In extraordinary circumstances, a non-teaching continuing contract may be terminated for what is in the nature of impossibility of performance, such as lack of work or lack of funds, but, when a contract is to be terminated by a board of education for such extraordinary reasons, the burden is upon the board to demonstrate the existence of the necessity of terminating the continuing contract." Syllabus by the court, paragraph four.
 {¶ 22} Ferdinand involved a situation where an employee with a continuing contract was terminated because her job was abolished. The Board in Ferdinand stated the termination was because of economic reasons, which is not one of the reasons set out in R.C. 3319.081. Here, appellant did not have a continuing contract, and his employment was terminated for reasons set out in the statute. We conclude the Board of Education was not required to make specific findings of fact.
 {¶ 23} Appellee concedes an employee is entitled to some kind of notice of the charges against him and an opportunity to respond before formal action is taken to terminate his employment. Appellee presented evidence appellant was given notice of *Page 8 
the charges against him and an opportunity to respond at a meeting discussing the formal reprimand.
 {¶ 24} We find the trial court did not err in finding reasonable minds could not differ regarding whether appellee had sufficient reason to terminate appellant's employment, or whether appellee complied with the proper procedures in terminating appellant's employment contract. We conclude the trial court did not err in granting summary judgment.
 {¶ 25} Appellant also argues the court abused its discretion in overruling his motion for leave to amend his complaint. A trial court has discretion in determining whether to grant leave to amend a complaint, see Edmondson v. Steelman (1992), 87 Ohio App. 3d 447. This court may not reverse a trial court's exercise of discretion unless we find the court abused its discretion. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217. In applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. Pons v. Ohio State Medical Board (1993), 66 Ohio St. 3d 619.
 {¶ 26} In a separate judgment entry filed March 17, 2008, the trial court explained its reasoning for overruling appellant's motion for leave to amend his complaint. The court found appellant's original complaint was for breach of contract and other tortious behavior, but did not include a notice of appeal from the Board's decision. The court found appellant received notice of his termination on September 22, 2007, but did not move the court to amend the complaint to include an appeal until February 19, 2008. The court found this was well beyond the ten days allowed by statute. The court found *Page 9 
appellant should have filed a notice of appeal separate from the complaint for breach of contract, and concluded even if it treated the motion to amend as a notice of appeal, the notice was untimely.
 {¶ 27} A motion for leave to amend a pleading should be granted freely when justice requires. Hoover v. Sumlin (1984), 12 Ohio St. 3d 1. InHollinghead v. Bey (July 21, 2000), Lucas App. No. L-99-1351, the Court of Appeals for the Sixth District found where a trial court's denial of a motion for a leave to amend is based upon the determination that the amended complaint would not withstand a motion to dismiss, the denial presents a legal question which is reviewed de novo, rather than reviewed using the abuse of discretion standard, Hollinghead at 8, citations deleted.
 {¶ 28} We find the trial court did not abuse its discretion or err as a matter of law in overruling appellant's motion to amend his complaint.
 {¶ 29} The assignment of error is overruled. *Page 10 
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 By Gwin, J., Hoffman, P.J., and Wise, J., concur *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1